APPROPRIATION OF EASEMENTS FOR HIGHWAY PURPOSES, LUCAS ET, IN RE: STATE, DEPARTMENT OF HIGHWAYS, PLAINTIFF-APPELLANT, v. LUCAS ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Columbiana County.

No. 805.    Decided March 15, 1961.

*Mr. Mark McElroy*, attorney general, and *Mr. Felix S. Mika*, assistant attorney general, for plaintiff-appellant.

*Messrs. Wilkens, Perkins, Wilkens & Milligan*, for defendants-appellees.

GRIFFITH, J.    This appeal is before this court on questions of law from the Common Pleas Court of Columbiana County. This action for appropriation of property was brought

under Chapter 5519, Revised Code, by the Director of Highways of the State of Ohio, which chapter embraces only five sections.

Jury trial was had and the jury returned a verdict finding the value of the property taken to be $4,000.00 and the damages to the residue $6,000.00, making a grand total of $10,-000.00.

The Director of Highways filed his motion for new trial, which motion was overruled and judgment was entered on the verdict.

The record reveals that before the opening statements and prior to the taking of any evidence counsel for the Director asked for a view of the premises by the jury.

The court granted the request, but the court told counsel that it would be necessary for the one asking for a view that a deposit of $20.00 or $25.00 would be necessary, which was to be used for the payment of the bus transportation.

Counsel for the Director declined to make the advanced deposit, and after a brief recess reported that it would go forward even though the view of the premises was denied, and something to the effect that it would take its chance.

After the jury had been instructed and had deliberated for some time it made a request of the court that it be permitted to view the premises. This request of the jury was later withdrawn, and the jury proceeded to deliberate and reached the verdict heretofore specified.

Of course, this request was untimely and in violation of Section 5519.02, Revised Code, which provides that the view shall be before any testimony is submitted.

There was no rule of court in Columbiana County requiring an advanced deposit to cover costs or transportation in such a case as the one before us. So far as the statutes go we find no right for the court to specifically charge the expense of the transportation of the jury for viewing the premises as civil costs. However, the court has inherent power to make such a request, and further to order that the expense thereof be by the clerk taxed as costs in the case.

Our Supreme Court in 1923 had this to say (*State, ex rel. Hawke* v. *LeBlond*, 108 Ohio St., 126 at 135) :—

"* * * We are of the opinion, however, that courts have the inherent right to formulate rules for their government, so long as such rules are reasonable and not in conflict with general laws. The right to make rules must be held to come within the implied powers of courts of justice. The Legislature has never prescribed in minute detail all of the procedure necessary in conducting courts of justice in an orderly manner, and many things must necessarily be left to the sound discretion of the court, and it is, of course, desirable that as far as possible those details be carried out in an orderly manner and according to a published rule."

Manifestly this rule in the instant case was not published but the court gave the Director the opportunity to consider the matter, and the Director made no request for a continuance by reason of the rule stated by the court, and finally the Director did proceed to trial without making the deposit and without the jury viewing the premises.

In this proceeding the state by its own conduct precluded itself from complaining about the matter of viewing the premises.

The amount of the verdict was within the limits of testimony of the witnesses of the landowners, and we are unable to say that the same is excessive nor is there any evidence whatsoever that the verdict was returned under the influence of passion or prejudice.

As to the other errors assigned we determine that the same do not affect the substantial rights of the Director of Highways. It is our opinion that substantial justice has been done the Director of Highways of the State of Ohio as shown by the record, and the judgment under review must be and hereby is affirmed.

BROWN, P. J., and DONAHUE, J., concur.